# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

MICHAEL JEFFREY MOCK,

        Plaintiff,

        v.

SCOTT HOLLIDAY, et al.,

        Defendants.

CAUSE NO. 1:20-CV-58-HAB-SLC

## OPINION AND ORDER

Michael Jeffrey Mock, a prisoner without a lawyer, filed a complaint [ECF No. 1] naming Sheriff Scott Holliday and Jail Commander Karen Thompson as defendants. He alleges that requests for pictures taken following his arrest have been denied, that moldy showers and overflowing toilets have created constitutionally inadequate conditions at the jail, and that he is not obtaining adequate medical care for cysts on his testicles. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

The claims that Mock has raised do not appear to have any relationship to each other. Therefore, Mock must file an amended complaint containing only related claims. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009). To do so, he needs to put this cause number on a blank complaint form and include only the facts about the related claims in that complaint. If he wants to also sue other defendants based on other claims, he needs to get a different blank complaint form. He should not put a cause number on the second (or third, etc.)

complaint form because it (or they) will be used to open a new case (or cases). Mock must also file an in forma pauperis motion with any additional complaints he files.

Mock is admonished that, should he choose to file another complaint, he should carefully follow the instructions on the court's complaint form. Mock needs to write a short and plain statement telling what each defendant did wrong. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. He needs to use each defendant's name every time he refers to that defendant. Additionally, Mock should note that there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). What this means is that "public employees are responsible for their own misdeeds but not for anyone else's." *Id.* "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

For these reasons, the Court:

(1) GRANTS Michael Jeffrey Mock until **March 10, 2020**, to file one amended complaint in this case containing only related claims; and

(2) CAUTIONS Michael Jeffrey Mock that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on February 10, 2020.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT